IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE E. TOWNSEND II,

           Plaintiff,

vs.                                                             Case No. 21-3285-SAC

NICHOLAS MARENGO, et al.,

           Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his arrest and prosecution by Mission, Kansas officials. Plaintiff is currently incarcerated at the Platte County Detention Center in Missouri and has asked for leave to proceed in forma pauperis. At the court's direction, plaintiff has presented his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court upon plaintiff's motions to proceed in forma pauperis and for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Motion to proceed in forma pauperis

Plaintiff has filed two motions for leave to proceed in forma pauperis. Doc. Nos. 3 and 6. Plaintiff has recently supplemented

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

his motions with account information from his place of incarceration. Doc. No. 10.

The law requires that a prisoner seeking in forma pauperis status not be relieved of the obligation to pay the full fee of $350.00 for filing a civil action. 28 U.S.C. § 1915(b)(1). Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing. Having examined the account records provided by plaintiff, the court finds that plaintiff should be assessed an initial partial filing fee of $29.00.

In sum, plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 3 and 6) are granted consistent with this order. Plaintiff is directed to submit an initial partial filing fee of $29.00 to the Clerk of the Court by February 28, 2022, and payment of the remainder of the district court filing fee shall occur as authorized by § 1915(b)(2). This matter shall be subject to dismissal if plaintiff does not make the initial partial filing

fee payment as ordered.  Plaintiff's motion for reconsideration (Doc. No. 8) shall be considered moot.

II. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting

3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

III. The complaint

Plaintiff filed a complaint (Doc. No. 1) on December 20, 2021 and, at the court's request pursuant to D.Kan.R. 9.1(a), filed a complaint (Doc. No. 5) on court-supplied forms on January 7, 2022. The court shall treat Doc. No. 5 as the operative complaint.

Plaintiff names the following defendants:  Nicholas Marengo, a police officer for Mission, Kansas; Officer Bieberbach and Officer Morris of the Mission Police Department; Amy Mitchell, a city prosecutor; and the City of Mission, Kansas.

Plaintiff alleges in Count One that on March 26, 2019:  "While the officers were attempting to make me identify myself [which plaintiff refused], Nicholas Marengo, without permission or probable cause began searching my vehicle to find any thing that

4

might help them identify me." Plaintiff alleges that this was an illegal search. In Count II, plaintiff asserts that he was taken into custody and detained for around 10 months "because of the officers' unlawful policing." He also asserts that the charges were dismissed by the prosecutor on February 7, 2020. Count Three alleges that plaintiff was arrested, detained and held for trial without probable cause. Plaintiff asserts this was malicious prosecution and a violation of due process. Finally, Count Four alleges a failure to train and supervise the Mission Police Department by the defendant City of Mission, Kansas.

IV. Screening the complaint

As the court will explain below, the complaint fails to state a claim for relief for several reasons, but largely because plaintiff's assertions (i.e., "without . . . probable cause" and "unlawful policing") are legal conclusions as opposed to well-pled factual allegations.

A. City of Mission

Plaintiff alleges without any factual detail that the City of Mission failed to train and supervise its police officers. Plaintiff does not allege any specific facts that support this broad and conclusory claim and does not link this alleged failure to his arrest and prosecution or the officers involved. Therefore, plaintiff has failed to state a claim against the City of Mission. See Huff v. Reeves, 996 F.3d 1082, 1093 (10th Cir. 2021)(dismissing

failure to train theory made with generalized allegations); Waller v. City and County of Denver, 932 F.3d 1277, 1288-89 (10th Cir. 2019)(dismissing failure to supervise claim where facts are not alleged showing knowledge of alleged supervisory deficiencies); Glaser v. City and County of Denver, Colo., 557 Fed.Appx. 689, 703 (10th Cir. 2014)(dismissing conclusory failure to train and supervise claims against the City and County of Denver). In addition, as discussed later in this order, plaintiff has not adequately alleged facts showing that his constitutional rights were violated.

   B. Mitchell

The complaint does not allege facts which describe what defendant Mitchell did to violate plaintiff's constitutional rights. The complaint does not state what plaintiff was arrested for, what charges were placed against him, or why the charges were dismissed. The court assumes from the general statements in the complaint that Mitchell was responsible for bringing charges against plaintiff and then dismissing them. This broad description does not show that plaintiff's constitutional rights were violated. The complaint makes the conclusory claim that plaintiff did nothing wrong and that there was no probable cause to support a search. Plaintiff, however, does not allege facts that specifically support these broad claims and, in any event, does not link these facts to the prosecutor's action. In addition, the

6

Supreme Court has held that a prosecutor is absolutely immune from civil liability for acts taken during the judicial process of initiating and prosecuting criminal charges. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). According to the Court, a prosecutor is also absolutely immune for actions taken during probable cause hearings. Burns v. Reed, 500 U.S. 478, 492 (1991). The immunity extends as well to preparations for making a charging document and seeking an arrest warrant. Kalina v. Fletcher, 522 U.S. 118, 128-29 (1997).

In sum, plaintiff's allegations are conclusory and fail to plausibly assert a claim for which defendant Mitchell is not absolutely immune from liability.

C. Marengo, Bieberbach and Morris

The complaint fails to state a claim against the police officer defendants for the following reasons. First, a conclusory allegation of lack of probable cause is insufficient to state a claim for relief. See Hesed-El v. McCord, 829 Fed.Appx. 469, 472 (11th Cir. 2020)(plaintiff must raise non-conclusory facts to show why probable cause is lacking); Erikson v. Pawnee County Bd. of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001)(dismissing malicious prosecution claim based upon conclusory allegation that no probable cause existed); Jones v. District Attorney Office, 2012 WL 5306282 *3 (D.Kan. 10/29/2012)(conclusory allegation that there was no probable cause for arrest fails to

7

state a § 1983 claim against police officer). Plaintiff makes no factual allegations regarding any probable cause determination that may have led to a warrant (if plaintiff was arrested on a warrant), or may have occurred following plaintiff's arrest (if plaintiff was arrested without a warrant). Plaintiff does not claim he was denied a probable cause hearing after his arrest, or that there was a judicial finding that he was arrested without probable cause. While he alleges that the charges were eventually dismissed, there are many reasons which could explain such a dismissal. It does not establish a plausible claim that his arrest was without probable cause. Jones, supra.

A search of the car or seizure of evidence in the car may have been conducted to obtain evidence revealed in plain view. See Texas v. Brown, 460 U.S. 730, 740 (1983)(when an officer has observed an object in plain view, the owner's remaining interests in the object are merely those of possession and ownership). Plaintiff does not allege facts showing that this was not the case.

A § 1983 malicious prosecution claim requires a showing that: 1) the defendant caused plaintiff's continued confinement or prosecution; 2) the original action terminated in plaintiff's favor; 3) there was no probable cause to support the original arrest, continued confinement or prosecution; 4) the defendant acted with malice; and 5) plaintiff sustained damages. Here, plaintiff has not alleged facts showing that defendants acted with

8

malice.  Plaintiff also has not alleged facts showing that the charges were dismissed in a way that indicated plaintiff's innocence.  See Cordova v. City of Albuquerque, 816 F.3d 645, 651 (10th Cir. 2016)(a plaintiff, whose charges were dismissed on speedy trial grounds, may not maintain a malicious prosecution claim unless his charges were dismissed in a manner that indicated innocence).

Finally, plaintiff lumps the police officers together in his complaint without differentiating what their specific roles and actions were.  This is contrary to the rules of pleading that govern these cases.  See Glaser, 557 Fed.Appx. at 702 (it is important that plaintiffs make clear exactly who is alleged to have done what to whom)(quoting Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013)).

V. Conclusion

Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 3 and 6) are granted consistent with this order.  Plaintiff is directed to submit an initial partial filing fee of $29.00 to the Clerk of the Court by February 28, 2022, and payment of the remainder of the district court filing fee shall occur as authorized by § 1915(b)(2).  This matter shall be subject to dismissal if plaintiff does not make the initial partial filing fee payment as ordered.  Plaintiff's motion for reconsideration (Doc. No. 8) shall be considered moot.

9

The court shall grant plaintiff time until March 4, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 28th day of January 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge