IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RONNIE E. TOWNSEND II,

               Plaintiff,

vs.                                      Case No. 21-3285-SAC

NICHOLAS MARENGO, et al.,

               Defendants.

## O R D E R

This is a civil rights action filed pro se pursuant to 42 U.S.C. § 1983 while plaintiff was incarcerated.  The court issued a screening order (Doc. No. 12) on January 28, 2022 which directed plaintiff by March 4, 2022 to submit an initial partial filing fee of $29.00 and to either show cause why his complaint should not be dismissed or file an amended complaint which corrected the deficiencies identified in the operative complaint (Doc. No. 5). Later, the court extended the deadline at plaintiff's request to April 4, 2022.  Doc. No. 14.

I. Dismissal of the operative complaint (Doc. No. 5) and receipt of an amended complaint (Doc. No. 19).

Having not heard from plaintiff, on April 11, 2022, the court directed that this case be dismissed without prejudice.  Doc. No. 17.  On the same day but after the dismissal order was filed, the court received from plaintiff an amended complaint (Doc. No. 19)

1

and the partial filing fee.[1]   Plaintiff also submitted what has
been docketed as a "notice."  Doc. No. 20.  The notice states that
in early March plaintiff was released to a 28-day program in which
he was isolated from a phone and any legal materials and that is
why his amended complaint and partial filing fee were late.  The
court notes that in a change of address notice plaintiff filed
earlier, he stated that he was released from jail on March 1, 2022.
Doc. No. 15.

The court shall treat plaintiff's notice and the amended
complaint as a motion to alter or amend judgment under Fed.R.Civ.P.
59(e) and vacate the order dismissing this case without prejudice.
The court shall proceed to screen the amended complaint pursuant
to 28 U.S.C. §§ 1915 and 1915A under the standards the court
reviewed in the previous screening order at Doc. No. 12, pp. 3-4.

II. The amended complaint

The amended complaint names two defendants:   Nicholas
Marengo, a police officer for Mission, Kansas; and Amy Mitchell,
a prosecutor for Mission, Kansas.  The complaint alleges that
defendant Marengo approached plaintiff on March 26, 2019 and asked
plaintiff to present identification.  Plaintiff refused stating he
had done nothing wrong.  The complaint further alleges that
"defendants" searched plaintiff's vehicle without probable cause

---

[1] The envelope sent by plaintiff is postmarked April 8, 2022.  Doc. No. 19-2.

or permission, seized items and unlawfully arrested and prosecuted plaintiff for interference with a law enforcement officer. Plaintiff states that he later identified himself. Plaintiff also claims that the prosecution was ultimately dismissed in plaintiff's favor.

A copy of Officer Marengo's narrative report (or part of the report) is an exhibit to the amended complaint. The report states that the store manager of Plato's Closet reported suspicious activity involving a male and a female suspect. They had reversed their vehicle into a parking space directly in front of the business. The trunk was open. They inquired about selling some clothes but the male refused to give his ID as required for selling items at the store. Then the two sat out in front of the store because they had lost the keys to the vehicle. The female told the police that she did not know the male's last name and did not know him well. She said she wanted to sell some clothes to pay for a storage unit because she was going to be evicted the next day. She also said that she had the male's prison paperwork in her suitcase and agreed to produce it for the police. At that point the police learned plaintiff's name. Up to then, plaintiff had refused to identify himself for the police.

The police explained to plaintiff that the suspicious nature of the circumstances required plaintiff to identify himself when the police asked and that he would be arrested if he failed to do

3

so.  Plaintiff stated that he came to Plato's Closet once a month to sell clothes and stated that he knew he needed an ID, but did not have it with him.  There was a large amount of clothes in the car that did not belong to him.  He admitted that his name was Ronnie Townsend, when the police showed him the name they had written down.

The charges were dismissed on February 7, 2020.

III. Screening the amended complaint

As the court stated in the previous screening order, the Supreme Court has held that a prosecutor is absolutely immune from civil liability for acts taken during the judicial process of initiating and prosecuting criminal charges.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  According to the Court, a prosecutor is also absolutely immune for actions taken during probable cause hearings.  Burns v. Reed, 500 U.S. 478, 492 (1991).  The immunity extends as well to preparations for making a charging document and seeking an arrest warrant.  Kalina v. Fletcher, 522 U.S. 118, 128-29 (1997).

The amended complaint appears to claim that defendant Mitchell should be liable in damages for actions that are protected by the doctrine of prosecutorial immunity.[2]  Therefore, the amended

---

[2] Immunity is an issue which the court may raise in the screening process.  28 U.S.C. § 1915A(b)(2).

complaint fails to state a plausible claim against defendant Mitchell.

Upon review, the court finds that the amended complaint as supplemented with the exhibits has stated a plausible claim against defendant Marengo.

IV. Conclusion

The court shall vacate the orders (Doc. Nos. 17 and 18) dismissing this case without prejudice.  This case shall proceed upon the amended complaint against defendant Marengo.  Defendant Mitchell is dismissed.  The court directs that the Clerk issue waiver of summons to defendant Nicholas Marengo.[3]  The court further directs that the Clerk assign this case to a Magistrate Judge for the purposes of case management and determining nondispositive pretrial matters.

**IT IS SO ORDERED.**

Dated this 13th day of April 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

---

[3] Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).